UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

James David McKathan
Kaylynn Hayman McKathan

       Debtors

Bankruptcy Case 3:13-bk-00293-PMG

Chapter 12

James David McKathan and
Kaylynn Hayman McKathan

       Plaintiffs

vs.

PNC Bank and
SunTrust Bank

       Defendants

Adv. Pro. No.

COMPLAINT

    Plaintiffs, James David McKathan and Kaylynn Hayman McKathan, sue Defendants, PNC Bank and SunTrust Bank, and allege:

*Jurisdictional Allegations*

    1. Plaintiffs filed a voluntary petition under chapter 12 of the Bankruptcy Code on January 18, 2013. Hereinafter that date is referred to as the "Petition Date".

    2. This is an action for a declaratory judgment and supplemental relief, pursuant to 28 U.S.C. §2201.

    3. Plaintiffs seek a determination as to the lien priority and value of any lien held by Defendants under 11 U.S.C. §506, and a determination that to the extent a lien is unsecured it is extinguished and avoided upon a discharge being granted §1228 of the Bankruptcy Code.

    4. The Court has jurisdiction pursuant to 28 U.S.C. §1334.

1

5. This is a core proceeding under 28 U.S.C. §157.

6. Plaintiffs object to claim 5 and claim 7 filed by Defendants in the above captioned chapter 12 case for the reasons set forth below.

7. Because the objection to claims is joined together with a demand for relief of a kind specified in Fed. R. Bankr. P. 7001, this is an adversary proceeding pursuant to Fed. R. Bankr. Rule 3007.

*Factual Allegations*

8. Plaintiffs own a parcel of real property located at 13401 West Highway 316 - Reddick, Florida 32686. The parcel has been assigned parcel identification number 05863-001-03 by the Property Appraiser for Marion County, Florida. A complete legal description for this parcel is contained in a deed recorded in the public records of Marion County, Florida in Official Records Book 2288 at page 0151. The above described parcel is hereinafter referred to as "Parcel 1."

9. Plaintiffs also own a parcel of real property located at 17400 NW 120th Terrace Road - Reddick, Florida 32686. The parcel has been assigned parcel identification number 0197-008-001by the Property Appraiser for Marion County, Florida. A complete legal description for this parcel is contained in a deed recorded in the public records of Marion County, Florida in Official Records Book 2536 at page 0067. The above described parcel is hereinafter referred to as "Parcel 2."

10. The Plaintiffs also own a parcel of real property located at 17405 NW 120th Terrace Road - Reddick, Florida 32686. The parcel has been assigned parcel identification number 0197-008-000 by the Property Appraiser for Marion County, Florida. A complete legal description for this parcel is contained in a deed recorded in the public records of Marion County, Florida in Official Records Book 3889 at page 0243. The above described parcel is hereinafter referred to as "Parcel 3".

11. The value of Parcel 1 was $399,758 on the Petition Date.

12. The value of Parcel 2 was $175,968 on the Petition Date.

13. The value of Parcel 3 was $198,683 on the Petition Date.

14. Defendant PNC Bank filed claim 5 as a secured claim in the amount of $510,521.81.

15. Defendant SunTrust Bank filed claim 7 as a secured claim in the amount of $1,183,040.02.

16. The collateral for claim 5 is Parcel 1.

17. Parcel 1 is subject to a first mortgage held by Federal National Mortgage Association (Fannie Mae) serviced by Seterus, Inc. (Hereinafter "Seterus"). The amount owed on the first mortgage on the petition date was $223,607. The mortgage held by this creditor was made and recorded in the public records of Marion County, Florida, prior to any other mortgage encumbering Parcel 1.

18. Parcel 1 is also subject to a second mortgage held by Defendant SunTrust Bank The amount owed on the first mortgage on the petition date was $122,401.01. The mortgage held by Defendant SunTrust Bank was made and recorded in the public records of Marion County, Florida, after the mortgage held by Seterus but prior to any other mortgage encumbering Parcel 1.

19. The mortgage held by Defendant PNC Bank is a third mortgage on Parcel 1. It was recorded after the mortgage held by Seterus, and after the mortgage held by Defendant SunTrust Bank in the public records of Marion County, Florida.

20. The collateral for claim 7 is Parcel 2 and Parcel 3.

21. Parcel 3 has been abandoned by the estate.

*Count One*

22. Plaintiffs seek a determination as to the lien priority and value of any lien held by Defendant PNC Bank represented by Claim 5 under 11 U.S.C. §506, and a determination that to the extent a lien is unsecured it is extinguished and avoided upon a discharge being granted §1228 of the Bankruptcy Code.

23. Claim 5 should be allowed as a secured claim in the amount of $53,588 due to the value of the collateral and the amount owed on the prior recorded mortgages. The remaining $456,933.81 owed on claim 5 should be allowed as a general unsecured claim.

24. Plaintiffs are entitled to a judgment determining that the mortgage lien of Defendant PNC Bank on Parcel 1 is deemed to be void and extinguished except to the extent it is allowed as a secured claim, upon entry of a discharge under the provisions of §1228 of the Bankruptcy Code.

*Count Two*

25. Plaintiffs seek a determination as to the lien priority and value of any lien held by Defendant SunTrust Bank represented by Claim 7 under 11 U.S.C. §506, and a determination that to the extent a lien is unsecured it is extinguished and avoided upon a discharge being granted §1228 of the Bankruptcy Code.

26. Defendant SunTrust Bank should be deemed to have a secured claim in the amount of $175,968 due to the value of Parcel 2 and the abandonment of Parcel 3.

27.  Defendant should be deemed to have a general unsecured claim in the amount of $808,389.02 due to the value of Parcel 2 and the value of Parcel 3.

28.  Plaintiffs are entitled to a judgment determining that the mortgage lien of Defendant SunTrust Bank on Parcel 2 is deemed to be void and extinguished except to the extent it is allowed as a secured claim, upon entry of a discharge under the provisions of §1228 of the Bankruptcy Code.

WHEREFORE, Plaintiffs seek entry of a judgment granting relief as demanded above.

By: /s/ Richard A. Perry
RICHARD A. PERRY
Florida Bar No. 394520
820 East Fort King Street
Ocala, Florida 34471-2320
352- 732-2299
richardperry@richard-a-perry.com
Attorney for Plaintiffs